United States Courts
Southern District of Texas
FILED
August 30, 2024
Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Criminal No. |
| ALECIA BUSHNELL, | § § § | **4:24-cr-460** |
| Defendant. | § § | |

## INFORMATION

THE UNITED STATES CHARGES:

### INTRODUCTION

At all times material to this Information, unless otherwise specified:

**The Coronavirus Aid, Relief, and Economic Security Act**

1. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who are suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of up to $349 billion in forgivable loans to small businesses for job retention and certain other expenses, through programs such as the Paycheck Protection Program ("PPP") or Economic Injury Disaster Loan ("EIDL"). The Federal Emergency Management Agency ("FEMA") is an agency within the Department of Homeland Security.

2. In order to obtain a PPP or EIDL loan, a qualifying business was required to submit a loan application, which must be signed by an authorized representative of the business. The loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP

loan. In the PPP loan application, the small business (through its representative) had to state, among other things, its: (a) number of employees, (b) gross revenue, and (c) type of business. Assistance includes rental assistance, home repair assistance, and personal property assistance.

3. A PPP or EIDL loan application had to be processed by a participating lender. If a PPP loan application was approved the participating lender funded the PPP loan using its own monies, which were 100 percent guaranteed by Small Business Administration ("SBA"). Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

4. PPP and EIDL loan proceeds had to be used by the business on certain permissible expenses, such as payroll costs, interest on mortgages, rent, and utilities.

## The Defendant

5. Defendant **ALECIA BUSHNELL** ("**BUSHNELL**") was a resident of Houston, Texas.

## COUNT ONE
## (18 U.S.C. § 371 - Conspiracy)

6. Paragraphs 1 through 5 of this Information are re-alleged and incorporated by reference as though fully set forth herein.

7. Beginning in or around June 2020, and continuing until in or around April 2021, in the Houston Division of the Southern District of Texas, and elsewhere, the defendant,

**ALECIA BUSHNELL,**

knowingly and willfully, that is, with the intent to further the objects of the conspiracy, conspired and agreed with other individuals, known and unknown to the United States, to commit certain offenses against the United States, namely: to knowingly and intentionally devise a scheme and

artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and to transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1343.

## PURPOSE OF THE CONSPIRACY

8. It was the purpose of the conspiracy for **BUSHNELL** and her co-conspirators to unlawfully enrich themselves by, among other things, submitting and causing the submission of false and fraudulent applications to the Small Business Administration for financial assistance.

## MANNER AND MEANS OF THE CONSPIRACY

9. The manner and means by which **BUSHNELL** and her co-conspirators sought to accomplish the objects and purpose of the conspiracy included, among others, the following:

16. In furtherance of the scheme, **BUSHNELL** received instructions from co-conspirators on how to fraudulently apply for CARES Act loans.

17. As part of the scheme, **BUSHNELL** applied for multiple CARES Act loans by entering materially false and fraudulent representations in the loan applications. The false and fraudulent CARES Act applications were submitted via the use of interstate wires, which originated from the Southern District of Texas.

18. In furtherance of the scheme, **BUSHNELL** paid co-conspirators for assisting her in filing fraudulent CARES Act applications.

19. In total, **BUSHNELL** submitted three CARES Act loan applications, which resulted in a total loss of $51,666.00.

## OVERT ACTS

20. In furtherance of the conspiracy, and to accomplish its objects and purpose, at least one of the co-conspirators committed and caused to be committed, in the Houston Division of the Southern District of Texas and elsewhere, at least one of the following overt acts, among others:

21. On or about June 2, 2020, **BUSHNELL** electronically filed an EIDL application under SBA loan number 3304304790, which contained material misrepresentations and fraudulent statements.

22. On or about June 4, 2020, **BUSHNELL** received an EIDL disbursement of $10,000 under SBA loan number 3304304790, and subsequently made multiple personal payments and withdrawals utilizing these funds.

23. On or about February 14, 2021, **BUSHNELL** electronically filed a PPP loan application under SBA loan number 7683028410, which contained material misrepresentations and fraudulent statements.

24. On or about March 2, 2021, **BUSHNELL** received a PPP loan disbursement of $20,833.00 under SBA loan number 7683028410, and subsequently made multiple personal purchases, transfers, and payments.

25. On or about April 28, 2021, **BUSHNELL** electronically filed a PPP loan application under SBA loan number 5386748909, which contained material misrepresentations and fraudulent statements.

26. On or about May 12, 2021, **BUSHNELL** received a PPP loan disbursement of $20,833.00 under SBA loan number 5386748909, and subsequently made multiple personal purchases, transfers, and payments.

All in violation of Title 18, United States Code, Section 371.

## NOTICE OF CRIMINAL FORFEITURE
### (18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c))

27. Pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), the United States gives notice that upon the defendant's conviction of Count One of this Information, the United States will seek forfeiture of all property, real or personal, which constitutes or is derived from proceeds traceable to the conspiracy.

28. The United States also gives notice that it will seek a money judgment against the defendant.

29. In the event that one or more conditions listed in Title 21, United States Code, Section 853(p) exist, the United States will seek to forfeit any other property of the defendant up to the amount of the money judgment.


Alamdar S. Hamdani
United States Attorney
Southern District of Texas


By:   /s/ James Hu_____
James Hu
Assistant United States Attorney
Southern District of Texas
(713) 567-9000